UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT O. GILTNANE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:09-CV-14 |
| ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 5] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the plaintiffs' Motion for Order Granting Expedited Discovery and Preserving of Evidence. [Doc. 2] On January 29, 2009, the parties appeared before the Court for a hearing on the instant motion. Attorneys Elizabeth Alexander, Mark Chalos, and Wayne Ritchie, II, appeared on behalf of the plaintiffs, and attorneys Peter Shea, Edwin Small, David Ayliffe, and Brent Marquand appeared on behalf of the defendant. After the hearing, the Court took the motion under advisement and it is now ripe for adjudication.

This case stems from the December 22, 2008, ash spill at the defendant's Kingston Steam Plant in Kingston, Tennessee. The plaintiffs, who seek class certification, filed suit on January 9, 2009, alleging various causes of action, including, but not limited to, violations of the Clean Water Act, codified at 33 U.S.C. § 1251 et seq., as well as various Tennessee environmental laws. [Doc. 1] The plaintiff moves the Court to enter an Order allowing the plaintiffs to conduct expedited discovery, to conduct environmental testing of the property at issue, and requiring the defendant to

preserve evidence. The defendant opposes the motion, arguing that the unlimited access sought by the plaintiffs would create an undue burden on the defendant. The defendant states that it has already put in place a litigation hold preserving all relevant evidence and argues that, because of the volume of litigation expected in relation to the spill, the defendant would be greatly burdened if forced to conduct piecemeal discovery in each of the separate cases. Rather, the defendant asks that discovery be briefly delayed until such time as a joint discovery plan, governing discovery in all of the related cases, can be formulated.

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Bankruptcy Court of the Eastern District of Tennessee recently addressed a similar request for expedited discovery in the case of In re Paradise Valley Holdings, Inc., No. 03-34704, 2005 Bankr. LEXIS 2951 (Bankr. E.D. Tenn. Dec. 29, 2005). The request in that case was denied for failure by the moving party to serve the motion on the opposing parties, but the court also engaged in a substantive analysis of the request. In addressing the proper standard for ruling on a request for expedited discovery, the court cited to relevant case law, drawn from various United States District Courts, and that same case law is relevant to the instant dispute. Specifically, the court held that:

> "'Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify [an order allowing expedited discovery].'" Mitra v. State Bank of India, 2005 U.S. Dist. LEXIS 19138, at *26 (S.D.N.Y. Sept. 6, 2005) (quoting Charles Alan Wright, et al., 8 FEDERAL PRACTICE & PROCEDURE CIVIL § 2046.1 at 592 (2d ed. 1994)). "[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request, as we have done, on the

2

> entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances[.]" Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000). "Because [e]xpedited discovery is not the norm[, the] Plaintiff must make some prima facie showing of the need for the expedited discovery." O'Connor, 194 F.R.D. at 623. Additionally, when applying the good cause standard, "the court should consider the scope of the requested discovery." Qwest Commc'ns Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 420 (D. Colo. 2003).
>
> "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." Metal Bldg. Components, LP v. Caperton, 2004 U.S. Dist. LEXIS 28854, at *10 (D.N.M. Apr. 2, 2004). Good cause is usually found in cases involving requests for injunctive relief, challenges to personal jurisdiction, class actions, and claims of infringement and unfair competition. See Mitra, 2005 U.S. Dist. LEXIS 19138, at *26; Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005); Whitfield v. Hochsheid, 2002 U.S. Dist. LEXIS 12661, at *4 (S.D. Ohio June 27, 2002); Pod-Ners, LLC v. N. Feed & Bean of Lucerne, LLC, 204 F.R.D. 675, 676 (D. Colo. 2002). Nevertheless, "[Rule 26(d)] protects defendants from unwarily incriminating themselves before they have a chance to review the facts of the case and to retain counsel. This important protection maintains the fairness of civil litigation. Courts should not grant leave without some showing of the necessity for expedited discovery. The court must protect defendants from unfairly expedited discovery." Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (internal citation omitted).

In re Paradise Valley Holdings, Inc., 2005 Bankr. LEXIS 2951 at * 4-6. While the discovery request in Paradise Valley related to the taking of depositions, the same analysis applies to the discovery at issue in this case.

After considering the filings and arguments of counsel, the Court finds that the plaintiffs have made a showing of good cause sufficient to allow limited expedited discovery. Given the defendant's ongoing efforts to repair the damage caused by the ash spill, the Court finds that the plaintiffs have established the good cause necessary to allow them to conduct a site inspection of

3

the property at issue. During the hearing, the parties agreed that the plaintiffs would conduct a site inspection on February 4, 2009, at 11:00 a.m. E.S.T.[1] Should inclement weather result in the cancellation of the February 4 inspection, the parties are **DIRECTED** to meet and confer to reschedule the inspection as expeditiously as possible. Should the parties prove unable to reach agreement as to such rescheduling, they shall contact chambers to schedule a telephone conference on the issue.

The Court finds further that, at this time, the plaintiff has not shown good cause for an Order requiring the defendant to allow the plaintiffs unfettered access to the site. Given the massive efforts being undertaken to repair the damage caused by the spill, the Court finds that allowing the plaintiffs daily access to the site would create an undue burden on the defendants, would hamper clean up efforts, and, because of the heavy equipment in use at the site, would potentially endanger the safety of both the inspectors and the relief workers. However, while the Court will not, at this time, allow the plaintiffs unfettered access to the site, the Court finds that some testing, sufficiently limited in duration, is appropriate and would not create an undue burden on the defendant. Accordingly, in conjunction with the February 4, 2009, inspection, counsel are **DIRECTED** to meet and confer to discuss the testing currently being performed by the defendant, as well as the scope of any environmental testing to be performed by the plaintiff. During such conference, the defendant shall make available an individual with the appropriate knowledge and experience necessary to advise the plaintiffs as to the scope of defendant's testing and defendant's testing protocols, and to assist in coordinating any testing to be performed by the plaintiff with the defendant's ongoing recovery

---

[1]The parties had previously scheduled a site inspection for January 28, 2009, but inclement weather prevented certain necessary parties from attending, requiring the inspection to be rescheduled.

efforts. Should the parties prove unable to reach agreement as to the testing to be performed by the plaintiff, the parties shall contact chambers to schedule a hearing on the issue.

Finally, with respect to the issue of preservation of evidence, the defendant stated during the hearing that it was aware of its duty to preserve documents and had initiated a litigation hold to accomplish that preservation. As the defendant is aware, "[a] party has a duty to preserve all evidence that it knows or should know is relevant to any present or future litigation." Clark Constr. Group v. City of Memphis, 229 F.R.D. 131, 136 (W.D. Tenn. 2005). To ensure there is no doubt in anyone's mind, the Court formally places the defendant on notice that it has such a duty in relation to this case. While the Court does not anticipate that any of the parties in the instant case would attempt to do so, the parties are warned that any attempt to impede this or related litigation through the spoliation of evidence shall be met with the appropriate sanctions and penalties, up to and including holding the offending parties in contempt of court. Until such time as a full preservation plan can be put in place, the Court incorporates by reference, and adopts the same herein, the terms of Section III of the plaintiff's proposed Interim Order Regarding Preservation. [Doc. 3-2] The Court finds that the terms of Section III of the proposed Interim Order Regarding Preservation are sufficient to safeguard against the wrongful destruction of evidence in this matter and holds that such terms shall remain in effect until such time as the parties in this action, and in other related actions, can meet and confer to discuss the terms of a lasting plan to govern this litigation. The further development of such a plan will be addressed at the scheduling conference to be set by the Honorable Thomas A. Varlan, United States District Judge.

5

Case 3:09-cv-00014-TAV-HBG   Document 14   Filed 01/30/09   Page 5 of 6   PageID #: 118

Accordingly, the plaintiffs' motion [Doc. 2] is **GRANTED in part** to the extent and for the reasons set forth more fully above. The plaintiffs shall be allowed to conduct a site inspection on February 4, 2009, at 11:00 a.m. E.S.T., and in conjunction with that inspection, the parties shall meet and confer as to the scope and protocols of the testing conducted by the defendant and the scope of testing to be conducted by the plaintiff as set forth above. Should the parties prove unable to reach agreement as to the scope of testing to be performed by the plaintiff, the parties shall contact chambers to schedule a hearing on the matter. In addition, the parties are reminded of their duty to preserve evidence in this matter, and the Court incorporates by reference Section III of the plaintiff's proposed Interim Order Regarding Preservation [Doc. 3-2] until such time as a lasting preservation plan can be put in place.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

6

Case 3:09-cv-00014-TAV-HBG   Document 14   Filed 01/30/09   Page 6 of 6   PageID #: 119